UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ROBERT L. THOMAS, | ) | Civil Action No.: 4:16-cv-1266-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CARLSHA TRAMAINE-FROST, and | ) | |
| GEICO INDEMNITY COMPANY and | ) | |
| any known/unknown persons in their | ) | |
| official capacity(ies) of GEICO Indemnity | ) | |
| Company or Affiliates, associated or related | ) | |
| to the below complaint matters, as well as | ) | |
| their individual capacity(ies); TRIPP | ) | |
| MILLER of GEICO Indemnity, OLZA M. | ) | |
| NICELY, RHETT C. RAYBURN, GENE | ) | |
| ALLGOOD, JEANE PROFFITT, | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY (GEICO), | ) | |
| and any known/unknown persons in both | ) | |
| their official and individual capacity(ies) | ) | |
| of GEICO as it relates to the below | ) | |
| complaint matters including, but not | ) | |
| limited to, appearing fraudulent [already] | ) | |
| carried judicial court matters under Case | ) | |
| Docket Number 2013-CP-16-00853 in the | ) | |
| Court of Common Pleas – 4th Judicial | ) | |
| Circuit – County of Darlington, SC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.    **INTRODUCTION**

Plaintiff, who is proceeding pro se, filed this action in the court of common pleas, Florence

County, South Carolina.  Defendants GEICO Indemnity company, Tripp Miller, Olza M. Nicely,

Rhett C. Rayburn, Gene Allgood, Jeanne Proffitt, and Government Employees Insurance Company

(GEICO) (the GEICO Defendants) removed the action to this court pursuant to 28 U.S.C. § 1441 and

28 U.S.C. § 1332 for diversity of citizenship between Plaintiff and the GEICO Defendants.  In their notice of removal, the GEICO Defendants acknowledged that diversity of citizenship was lacking between Plaintiff and Defendant Carlsha Tramaine-Frost, but argued that Tramaine-Frost was fraudulently joined.  Presently before the court is the GEICO Defendants' Motion to Sever and Dismiss (Document # 4), and Tramaine-Frost's Motion to Remand (Document # 9).  Because Plaintiff is proceeding pro se, he was warned pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that failure to respond to the Motion to Sever and Dismiss could result in dismissal of his claims.  Plaintiff has not filed a response to either the Motion to Sever and Dismiss or the Motion to Remand. Further, upon removal to this court, the undersigned entered an order directing Plaintiff to keep the court apprised of his address and to complete, sign, and return the Pro Se Plaintiff's Answers to Rule 26.01 Interrogatories, which Plaintiff has failed to do.

## II.    FACTUAL ALLEGATIONS

On March 25, 2013, Plaintiff was traveling on Sumter Street in Florence County, South Carolina, a vehicle driven and owned by Defendant Tramaine-Frost collided with Plaintiff's vehicle, causing physical damage to Plaintiff's vehicle as well and bodily injury and mental/emotional damages. Compl. ¶¶ 4-5.  Plaintiff alleges that Tramaine-Frost was negligent in his operation of the vehicle.  Compl. ¶¶ 6-8.  With respect to the GEICO Defendants, Plaintiff alleges "Breach of Contract and Failure to Honor Assignments" and "Unfair Consumer/Trade Practices." Specifically, he pleads,

> 11. That the conduct(s) of the defendants and its agents, servants, and employees amounted to an unfair method of competition and an unfair deceptive act of practices in the conduct of trade or commerce, as this is a bona fide legal property and casualty.  The Plaintiff [Thomas] here in, is informed and believes that the Defendant(s) engaged in practices which are immoral, unethical, oppressive,

-2-

unscrupulous, and substantially injurious to plaintiff and are unconscionable.

12.   Moreover, the unfair, deceptive acts and practices on the behalf of the Defendant(s) has an impact upon the public interest and has the potential for repetition and refusal to pay the Plaintiff and continue to refuse to pay under contract as required by law.  The Plaintiff [Thomas] alleges that any injuries and damages in the course of said auto accident sustained by Defendant Carlsha Tremaine-Frost or involved parties could not be avoided and the Plaintiff [Thomas] pleads an unavoidable auto accident as a bar.  As Plaintiff [Thomas] is informed and believes that while he was operating his vehicle in a careful and prudent manner through no fault of his own, having an unexpected emergency, and therefore acted in all respects in a careful and prudent manner as any reasonable person would have acted under the circumstances and therefore Plaintiff are not liable to Defendant Carlsha Tremaine-Frost or his involved associated parties, in any amount whatsoever.
. . .

13.   That the plaintiff is further informed and believes that the defendant's use or employ of unfair/deceptive practices, methods are willful, knowingly and intentional. Concomitantly, the plaintif seeks an award of three times the actual sustained and any additional costs.  Defendant(s) refusals to pay submitted claim(s) in reference to the above said matter(s) and inappropriate disguise legal representation under contract, thereby alternatively/conspiratorially between the parties [Defendant Carla Frost as Guardian ad Litem [GAL] for Mah'Janai Eaddy [Minor under the age of fourteen (14) years]].   Plaintiff receive Fraudulent Court Representation by way of GEICO/AFFILIATES.

Compl. ¶¶ 11-13.

## III.    DISCUSSION

### A.    Motion to Sever and Motion to Remand

As set forth above, Plaintiff filed this action in state court and the GEICO Defendants removed it to this court, alleging diversity jurisdiction. In their notice of removal, the GEICO Defendants argues that Plaintiff's joinder of the only non-diverse Defendant in this action, Tramaine-Frost, was improper such that his lack of diversity could be disregarded for removal purposes.  The GEICO Defendants argue that Plaintiff's claims against Tramaine-Frost do not arise from the same transaction or occurrence as his claims against the GEICO Defendants, and, thus, the two claims are

misjoined.

Fraudulent misjoinder is a legal doctrine distinct from the more commonly raised fraudulent joinder doctrine:

> Fraudulent joinder is applicable where a defendant seeking removal argues that other defendants were joined when there is no possible successful cause of action against those defendants or where the complaint pled fraudulent facts.    Fraudulent misjoinder, on the other hand, is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal.

Wyatt v. Charleston Area Medical Center, Inc., 651 F.Supp.2d 492, 496 (S.D.W.Va. 2009) (citing Ashworth v. Albers Medical Inc., 395 F.Supp.2d 395, 403, 409-10 (S.D.W.Va.2005)) (internal citations omitted).  Although fraudulent misjoinder is relatively new and not clearly defined, "the prevailing standard is whether there is a 'reasonable possibility that a state court would find that [the plaintiffs'] claims against [one set of defendants] were properly joined with [the] claims against the other defendants [.]'" Id. (citing Conk v. Richards & O'Neil, LLP, 77 F.Supp.2d 956, 971 (S.D.Ind.1999); Ashworth, 395 F.Supp.2d at 410).

Permissive joinder of defendants is allowed only where a plaintiff's rights arise from the same transaction or occurrence and will involve common questions of law or fact, as required under Rule 20(a), South Carolina Rules of Civil Procedure. See Sanders v. Morris Commc'ns Co., LLC, 2006 WL 3139080 (D.S.C. Oct. 31, 2006) (applying Rule 20, SCRCP, in determining whether defendant was properly joined for purposes of a motion to remand). This court and others have recognized that a claim for negligent operation of an automobile does not arise from the same transaction or occurrence as a subsequent claim against an insurer. See, e.g., Cramer v. Walley, No. 5:14-cv-03857-JMC, 2015 WL 3968155, at *4 (D.S.C. June 30, 2015) (recognizing that the

plaintiff's negligence claims arising out of an automobile accident were "misjoined" with the plaintiff's claims against the insurance carrier and thus the negligence claim against the non-diverse had to be severed); Pollock v. Goodwin, No. 3:07-cv-3983-CMC, 2008 WL 216381 (D.S.C. Jan. 23, 2008) (noting that bad faith/breach of contract claims against an insurer are "wholly distinct in character from" the negligence claim against the alleged tortfeasor, and finding that the vehicle accident is not a part of the "transaction" giving rise to the claim against the insurance carrier); see also Smith v. Nationwide Mut. Ins. Co., 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (finding tortfeasor and uninsured motorist carrier were fraudulently joined, and severing and remanding plaintiff's tort claim against non-diverse defendant tortfeasor arising out automobile accident, while retaining the contract and bad faith claims against diverse defendant uninsured motorist carrier); Pena v. McArthur, 889 F. Supp. 403 (E.D. Cal. 1994) (finding that plaintiff's claim against uninsured driver was improperly joined with plaintiff's claims against her insurer for bad faith); Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478 (D.N.H. 2002) (finding plaintiff's claims against insured for negligent driving were separate and independent from her claims against insurer for bad faith); Gruening v. Sucic, 89 F.R.D. 573 (E.D. Pa. 1981) (finding plaintiffs' claims for negligent driving were improperly joined with their claims against their insurer for breach of fiduciary duty).

However, the confusion arises with the Eleventh Circuit's holding when creating the doctrine that "we do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that the Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir.1996) (internal quotations omitted), abrogated on other grounds by, Cohen v. Office Depot, 204 F.3d 1069 (11th

Cir.2000). Under this standard, "something more than 'mere misjoinder' of parties may be required to find fraudulent misjoinder. Precisely what the 'something more' is was not clearly established in Tapscott and has not been clearly established since." In re Bridgestone/Firestone, Inc., 260 F.Supp.2d 722, 728 (S.D.Ind.2003). "The United States Court of Appeals for the Fourth Circuit has not addressed whether, in finding fraudulent misjoinder, a district court must make a finding of misjoinder and a finding of egregiousness or a bad faith attempt to defeat diversity." Stephens v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., 807 F.Supp.2d 375, 380 (D.Md. 2011). The majority of district courts in the Fourth Circuit that have considered the issue have rejected the need to make an additional finding of egregiousness. See Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc., 807 F. Supp. 2d 375, 380 (D. Md. 2011); Hughes v. Sears, Roebuck and Co., No. 2:09–CV–93, 2009 WL 2877424, at *5 (N.D.W.Va. Sept. 3, 2009); Burns v. W.S. Life Ins. Co., 298 F.Supp.2d 401, 403 (S.D.W.Va.2004). Other courts have reached the opposite conclusion and have imposed an additional egregiousness component to the fraudulent misjoinder inquiry. See Wyatt, 651 F.Supp.2d at 496.[1]

Those courts declining to require the need for an additional finding of egregiousness have noted that "[a]dding what would be in essence a state-of-mind element to the procedural misjoinder inquiry would overly complicate what should be a straightforward jurisdictional examination," Burns, 298 F.Supp.2d at 403, and "[a]lthough the Fourth Circuit has not weighed in, this approach comports with the Court's direct and streamlined approach to jurisdictional disputes—as noted by Judge Wilkinson, '[j]urisdictional rules direct judicial traffic. They function to steer litigation to the

---

[1] At least one court has declined to adopt the fraudulent misjoinder doctrine at all absent explicit direction from the Fourth Circuit. See Palmetto Health All. v. S. Carolina Elec. & Gas Co., No. 3:11-CV-2060-JFA, 2011 WL 5027162, at *2 (D.S.C. Oct. 21, 2011).

proper forum <u>with a minimum of preliminary fuss</u>.'" <u>Stephens</u>, 807 F.Supp.2d at 380-81 (citing <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 425 (4th Cir.1999)).  In <u>In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation</u>, MDL No. 2:14-mn-2502-RMG, 2016 WL 7339811 (Oct. 24, 2016), this court, guided by Fourth Circuit law regarding fraudulent joinder, noted that, in such cases, "the removing party must show either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."  <u>Id.</u> at *5 (citations omitted).  The court adopted an analogous standard in fraudulent misjoinder cases, holding that the removing party must show either "(1) outright fraud or (2) that there is <u>no possibility</u> that plaintiff would be able to properly join the claims involving a non-diverse party in state court.  <u>Id.</u> at *6 (citing <u>Weidman v. Exxon Mobil Corp.</u>, 776 F.3d 214, 218 (4th Cir. 2015)).  The court noted that "[t]his 'no possibility standard' is not as vague as the standard articulated by some courts of 'so egregious as to constitute fraudulent joinder,' does not require a state-of-mind element, and has been long-applied by courts in the fraudulent joinder context."  <u>Id.</u>

The undersigned is persuaded by <u>In re Lipitor</u> and other cases declining to require a showing of egregiousness to succeed on a fraudulent misjoinder claim.  As discussed above, this court, applying South Carolina law, has held that claims against an insurer are "wholly distinct in character from" negligence claims against an alleged tortfeasor, and that the vehicle accident is not a part of the "transaction" giving rise to the claim against the insurance carrier.  <u>Pollock v. Goodwin</u>, No. 3:07-cv-3983-CMC, 2008 WL 216381 (D.S.C. Jan. 23, 2008); <u>see</u> <u>also</u> <u>Cramer v. Walley</u>, No. 5:14-cv-03857-JMC, 2015 WL 3968155, at *4 (D.S.C. June 30, 2015) (recognizing that the plaintiff's negligence claims arising out of an automobile accident were "misjoined" with the

plaintiff's claims against the insurance carrier and thus the negligence claim against the non-diverse

had to be severed); <u>Todd v. Cary's Lake Homeowners Association</u>, 315 F.R.D. 453 (D.S.C. 2016);

<u>Morris v. Cary's Lake Homeowners Association</u>, No. 3:16-cv-0880-JMC, 2016 WL 3433733

(D.S.C. June 22, 2016).   Therefore, Plaintiff's negligence claim against Tramaine-Frost is not

properly joined with his claims against the GEICO Defendants.   28 U.S.C. § 1441(c)(2) provides

that a court may sever and remand to the state court any claim that is not within the original or

supplemental jurisdiction of the court.   Thus, the appropriate remedy here is to sever the negligence

claim against Tramaine-Frost and remand it to state court and retain jurisdiction over the claims

against the GEICO Defendants.[2]

### B.     Motion to Dismiss

The GEICO Defendants also move for dismissal of the claims asserted against them pursuant

to Rule 12(b)(6).   A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which

relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the

Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as

true, to state a claim that is plausible on its face. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct.

1937, 1949, 173 L.Ed.2d 868 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007).   The reviewing court need only accept as true the complaint's factual

allegations, not its legal conclusions. <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 555.

Expounding on its decision in <u>Twombly</u>, the United States Supreme Court stated in <u>Iqbal</u>:

[T]he pleading standard Rule 8 announces does not require "detailed factual

---

[2]It is noted that Plaintiff has not opposed the GEICO Defendant's motion and Defendant
Tramaine-Frost has specifically moved for remand of the claim against him, again, with no
opposition from Plaintiff.

allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted);

see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

Although Plaintiff labels his claims as "Breach of Contract and Failure to Honor Assignment(s)" and "Unfair Consumer/Trade Practices," the allegations he makes track the elements necessary to prove claims under the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-20. Plaintiff alleges that the GEICO Defendants' conduct "amounted to an unfair method of competition and an unfair deceptive act or practices in the conduct of trade or commerce" and that the alleged practices are "immoral, unethical, oppressive, unscrupulous, and substantially injurious to plaintiff and unconscionable." Compl. ¶ 11. Plaintiff further alleges that the "unfair, deceptive acts and practices on behalf of the Defendant(s) has an impact upon the public interest and has the potential for repetition." Compl. ¶ 12. Plaintiff alleges that these unfair/deceptive practices and methods are "willful, knowingly, and intentional" and "seeks an award of three times the actual sustained and any additional costs." Compl. ¶ 13.[3]  Plaintiff makes no allegations of breach of

---

[3]SCUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C.Code Ann. § 39–5–20(a).  To state a SCUTPA claim, the plaintiff must allege "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the

contract despite labeling one of his causes of action as such.

Plaintiff's allegations are insufficient to state a claim upon which relief can be granted as to the GEICO Defendants because insurance providers are separately regulated under South Carolina law and are not subject to the SCUTPA. SCUTPA does not create a private right of action against insurers and/or agents of insurers. Section 39–5–40(c) of the SCUTPA provides that "[t]his article does not supersede or apply to unfair trade practices covered and regulated under Title 38, Chapter 57, §§ 38-57-10 through 38-55-320." S.C. Code Ann. § 39–5–40(c). Chapter 57 "clearly is intended to define and regulate all unfair trade practices in the business of insurance" and "SCUTPA, through § 39–5–40(c), provides a clear exemption for the practices covered by Chapter 57." Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F. Supp. 128, 130 (D.S.C. 1994). Accordingly, "all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38–57–10 et seq., and are exempt from the coverage of SCUTPA." Id. at 130-31; see also Advanced Pain Therapies, LLC v. Hartford Fin. Servs. Grp., Inc., No. 3:14-cv-00050-MGL, 2014 WL 4402800, at *4 (D.S.C. Sept. 3, 2014) (finding that a plaintiff's SCUTPA claim failed as a matter of law because the claim pertained to the business of insurance and such a claim is "not regulated under SCUTPA"); K & M Merch., LLC v. Am. W. Home Ins. Co., No. 4:09-cv-1943-TLW, 2010 WL 597217, at *2 (D.S.C. Feb. 16, 2010) (granting a defendant's motion to dismiss a claim under the SCUTPA where the claim related to a dispute over insurance

---

defendant had an adverse impact on the public interest." Havird Oil Co. v. Marathon Oil Co., 149 F.3d 283, 291 (4th Cir.1998). See also Bessinger v. Food Lion, Inc., 305 F. Supp. 2d 574, 582 (D.S.C. 2003), aff'd sub nom. Bessinger v. Food Lion, LLC, 115 F. App'x 636 (4th Cir. 2004) (recognizing, in considering a claim under the SCUPTA, that the court "cannot find that the defendants' [action] either offends established public policy or was '"immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'").

coverage and thus was "not supported by the terms of the [SCUTPA] itself nor by the relevant case law interpreting the [SCUTPA]"); Ray v. Gen. Ins. Co. of Am., No. 3:11-CV-449-JFA, 2011 WL 1254106, at *2 (D.S.C. Apr. 4, 2011) (dismissing a plaintiff's claim under the SCUTPA with prejudice where the claim involved "conduct concerning the business of insurance"). Furthermore, the Insurance Trade Practices Act (ITPA), S.C. Code Ann. § 38-57-10, et seq., "clearly manifests legislative intent to create an administrative remedy and not a private right of action." Masterclean, Inc. v. Star Ins. Co., 347 S.C. 405, 556 S.E.2d 371 (2001). Thus, any claim under the ITPA is not properly before the court. For these reasons, Plaintiff has failed to state a claim against the GEICO Defendants upon which relief may be granted and dismissal is appropriate.

IV.    **CONCLUSION**

For the reasons discussed above, it is recommended that the Motion to Sever and Dismiss (Document # 4) and the Motion to Remand (Document # 9) be granted such that Plaintiff's claim against Tramaine-Frost is severed and remanded to the Court of Common Pleas, Florence County, South Carolina, and Plaintiff's claims against the GEICO Defendants are dismissed.

                                                 s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

January 12, 2017
Florence, South Carolina

**The parties are directed to the important information on the following page.**

-11-