IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROBERT L. THOMAS,<br><br>PLAINTIFF<br><br>v.<br><br>CARLSHA TRAMAINE-FROST, and GEICO INDEMNITY COMPANY and any known/unknown persons in their official capacity(ies) of GEICO Indemnity Company or Affiliates, associated or related to the below complaint matters, as well as their individual capacity(ies); TRIPP MILLER of GEICO Indemnity, OLZA M. NICELY, RHETT C. RAYBURN, GENE ALLGOOD, JEANE PROFFITT, GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), and any known/unknown persons in both their official and individual capacity(ies) of GEICO as it relates to the below complaint matters including, but not limited to, appearing fraudulent [already] carried judicial court matters under Case Docket Number 2013-CP-16-00853 in the Court of Common Pleas – 4th Judicial Circuit – County of Darlington, SC,<br><br>DEFENDANTS | Case No. 4:16-cv-1266-TLW<br><br><br><br>**ORDER** |

Plaintiff, proceeding pro se, filed this action in the Court of Common Pleas, Florence County, South Carolina, asserting (1) a negligence claim against Defendant Tremaine-Frost who Plaintiff asserts was the at-fault driver in an automobile accident and (2) a claim against Plaintiff's insurer, the GEICO Defendants, based on the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-20.[1]  ECF No. 1-1.  Defendants removed the action to this

---

[1] As noted in the R&R, although Plaintiff labels his claims "Breach of Contract and Failure to Honor Assignment(s)" and "Unfair Consumer/Trade Practices," his allegations track the elements of a SCUTPA claim.  ECF No. 28 at 9.

1

Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441. ECF No. 1.  Thereafter, the GEICO Defendants filed a Motion to Sever and Dismiss, ECF No. 4, and Tramaine-Frost filed a Motion to Remand, ECF No. 9.  Plaintiff did not respond to either motion.[2]

The matter now comes before the Court for review of the Report and Recommendation (R&R) filed by Magistrate Judge Rogers, to whom this case was assigned.  ECF No. 28.  In the R&R, the magistrate judge recommends that the Motion to Sever and Dismiss and the Motion to Remand be granted such that Plaintiff's claim against Tramaine-Frost is severed and remanded to the Court of Common Pleas, Florence County, South Carolina, and Plaintiff's claims against the GEICO Defendants are dismissed.  Plaintiff filed objections to the R&R.  ECF No. 30.  This matter is now ripe for decision.

> In reviewing the R&R, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .  The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Hous. Auth. of City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).  In light of the standard set forth in Wallace, the Court has reviewed de novo the R&R

---

[2] Additionally, as noted in the R&R, Plaintiff failed to comply with the magistrate judge's order directing him to complete, sign, and return the Pro Se Plaintiff's Answers to Rule 26.01 Interrogatories.  ECF No. 28 at 2; ECF No. 17.

and Plaintiff's objections. For the reasons set forth below, Plaintiff's objections are overruled and the R&R is accepted.

As correctly stated in the R&R, under South Carolina law a claim for negligent operation of an automobile does not arise from the same transaction or occurrence as a subsequent claim against an insurer. See, e.g., Cramer v. Walley, No. 5:14-cv-03857-JMC, 2015 WL 3968155, at *4 (D.S.C. June 30, 2015); Pollock v. Goodwin, No. 3:07-cv-3983-CMC, 2008 WL 216381 (D.S.C. Jan. 23, 2008). This Court agrees with the magistrate judge that Plaintiff's negligence claim against Tramaine-Frost is not properly joined with his claims against the GEICO Defendants. Further, the appropriate remedy here is to sever the negligence claim against Tramaine-Frost and remand it to state court and retain jurisdiction over the claims against the GEICO Defendants pursuant to 28 U.S.C. § 1441(c)(2). Plaintiff offers no specific objection or reason to reject the magistrate judge's analysis or recommendation.

Additionally, this Court agrees with the magistrate judge that Plaintiff's allegations are insufficient to state a claim upon which relief can be granted as to the GEICO Defendants because insurance providers are separately regulated under South Carolina law and are not subject to the SCUTPA. ECF No. 28 at 8-11 (citing Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F. Supp. 128, 130 (D.S.C. 1994)). Therefore, dismissal is appropriate as to the GEICO Defendants for the reasons stated in the R&R. Again, Plaintiff offers no specific objection or reason to reject the magistrate judge's analysis or recommendation.

The Court notes that Plaintiff also seeks additional time to obtain or the appointment of legal counsel. ECF No. 31. Appointment of counsel for indigent litigants in a civil suit is allowed only in exceptional circumstances. See 28 U.S.C. § 1915(e) (court may appoint an attorney to represent a person unable to afford counsel); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)

3

("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases."). The Plaintiff has not made a motion to proceed in forma pauperis or shown exceptional circumstances. Therefore, it is not appropriate to appoint counsel in this case. To the extent Plaintiff seeks additional time to retain counsel, this request is denied for the reasons set forth in the GEICO Defendants' brief opposing this request. ECF No. 33.

After an appropriate review, the R&R is ACCEPTED and Plaintiff's objections are OVERRULED. For the reasons stated by the magistrate judge and those stated herein, the Motion to Sever and Dismiss and the Motion to Remand, ECF Nos. 4 and 9, are GRANTED. Plaintiff's claim against Tramaine-Frost is severed and remanded to the Court of Common Pleas, Florence County, South Carolina, and Plaintiff's claims against the GEICO Defendants are dismissed. Plaintiff's motion for the appointment of or more time to obtain counsel, ECF No. 31, is DENIED.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Chief United States District Judge

February 27, 2017
Columbia, South Carolina